| Case No. | **CV 18-22-DMG (Ex)** | Date | January 24, 2018 |
|---|---|---|---|

| Title | *Rose Ratcliff, et al. v. Logisticare Solutions, LLC, et al.* | Page | 1 of 3 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT**

On January 5, 2018, the Court ordered Defendant Logisticare Solutions, LLC ("Logisticare") to show cause why this case should not be remanded to Los Angeles County Superior Court on the grounds that this Court lacked federal question jurisdiction, and that the other named Defendants did not join in Logisticare's removal notice or otherwise consent to the removal of the action ("OSC"). [Doc. # 11.] On January 12, 2018, Logisticare filed its response to the OSC. [Doc. # 12.] On January 19, 2018, Plaintiffs filed their reply to Logisticare's response. [Doc. # 13.]

Plaintiffs claim that they are elderly and/or disabled Medicaid beneficiaries who reside in Los Angeles County. *See* Compl. at ¶¶ 1, 3, 5 [Doc. # 1-1]. They allege that Defendants failed to provide them with adequate non-emergency medical transportation ("NEMT"), which Plaintiffs claim is a Medicaid benefit to which they are entitled. *See id.* at ¶¶ 1–4. On the basis of these allegations, Plaintiffs raise the following state law causes of action: (1) negligence; (2) negligent hiring, training, and supervision; (3) negligence *per se*; (4) violations of Cal. Bus. & Prof. Code § 17200 *et seq.*; (5) violations of the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*; and (6) a violation of Cal. Gov't Code § 11135. *Id.* at 44–59. Among other things, Plaintiffs seek injunctive relief, damages, and restitution. *See id.* at 59–62.

Logisticare argues that this Court has federal question jurisdiction because Plaintiffs' state law claims are completely preempted by the Medicare Act.[1] *See* Logisticare's Resp. at 3–8.

---

[1] Logisticare further argues that federal question jurisdiction is proper pursuant to the principles announced in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). *See* Logisticare's Resp. at 2, 8–10. This argument fails because it also relies upon the premise that Plaintiffs' claims are preempted by federal law. *See id.* at 10 ("[T]his case is capable of resolution in federal court without disrupting the federal-state balance approved by Congress because, as explained above, the claims that Plaintiffs are pursuing are completely preempted under the Medicare Act."); *see also Grable*, 545 U.S. at 314 (holding that federal question jurisdiction over a state law claim is proper only if, *inter alia*, "a federal forum may entertain [the claim] without disturbing any congressionally approved balance of federal and state judicial responsibilities"). Moreover, although

Nonetheless, the authorities Logisticare cites do not establish that the Medicare Act preempts state law claims relating to *Medicaid* benefits. *See Heckler v. Ringer*, 466 U.S. 602, 604–05, 613–14 (1984) (holding that the Act required the plaintiffs to exhaust administrative remedies because their claims were "inextricably intertwined" with claims for Medicare Part A benefits);[2] *Uhm v. Humana, Inc.*, 620 F.3d 1134, 1148–49 (9th Cir. 2010) (citing 42 U.S.C. §§ 1395-112(g), 1395-26(b)(3)) (noting that Medicare Parts C and D have express preemption provisions); *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1111–16 (9th Cir. 2003) (holding that the Act required the plaintiffs to exhaust administrative remedies because their claims were "inextricably intertwined" with "claims for Medicare reimbursement"); 42 U.S.C. § 405(g) (providing that plaintiffs may obtain judicial review of decisions of the Commissioner of Social Security). Since Logisticare fails to demonstrate that Congress intended to displace Plaintiffs' claims, the Court may not exercise federal question jurisdiction over the instant case. *See Marin v. Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) ("The burden of establishing federal subject matter jurisdiction falls on the party invoking removal.").

Furthermore, Logisticare claims that it did not ask the other Defendants to consent to the removal because no proofs of service of summons for these other Defendants were on file with the Los Angeles County Superior Court when Logisticare removed this action. *See* Logisticare's Resp. at 10. To support that assertion, Logisticare attaches a copy of the Los Angeles County Superior Court docket. Kargher Decl., Ex. A at 2–3 [Doc. # 12-2]. The Court concludes that Logisticare could not have reasonably relied upon the state court docket in determining whether other Defendants had been served because it does not even indicate that service had been effected on *Logisticare*, *see id.* at 3, and Logisticare concedes that it received a copy of the Complaint on December 4, 2017. Removal Notice at ¶ 2 [Doc. # 1]. Additionally, Plaintiffs have submitted proofs of service indicating that they served all seven named Defendants before Logisticare removed this action on January 2, 2018. *See* Messner Decl., Ex. 1 at 4–21 [Doc. # 13-1]. Accordingly, Logisticare failed to comply with 28 U.S.C. § 1446(b)(2)(A), which conditions removal on the consent of all defendants who have been properly joined and served.[3]

---

Logisticare's removal notice contended that this Court has jurisdiction because the relief Plaintiffs seek "turn[s] on an interpretation of the Americans with Disabilities Act[,]" *see* Removal Notice at ¶ 3 [Doc. # 1], Logisticare abandoned that argument in its response to the OSC. *See* Logisticare's Resp. at 1–11.

[2] The Supreme Court Reporter's synopsis for *Ringer* erroneously states that the plaintiffs sought Medicaid reimbursement for the medical procedure at issue in that case. *See Heckler v. Ringer*, 104 S. Ct. 2013, 2013 (1984).

[3] Logisticare asserts that it has thirty days from the date of removal in which to cure this defect. *See* Logisticare's Resp. at 10 (citing *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1253 (9th Cir. 1989)). Yet, *Cantrell* did not hold that district courts must provide defendants with an opportunity to cure removal defects.

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-22-DMG (Ex)** | Date | January 24, 2018 |
|---|---|---|---|
| Title | *Rose Ratcliff, et al. v. Logisticare Solutions, LLC, et al.* | Page | 3 of 3 |

      For the foregoing reasons, the Court **REMANDS** this action to Los Angeles County Superior Court.

**IT IS SO ORDERED.**

---

Instead, *Cantrell* simply recognized that a defendant may remove an action to federal court within thirty days of the date of service of the complaint. *See Cantrell*, 873 F.3d at 1254; *see also* 28 U.S.C. § 1446(b)(1).